UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN PIPER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| INTEGRATED DNA TECHNOLOGIES, INC. | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Sean Piper (hereinafter "Piper" or "Plaintiff") complains of Defendant Integrated DNA Technologies, Inc. (hereinafter "Integrated" or "Defendant") and for cause of action would show the Court as follows:

### I. INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury

2. Plaintiff files this action against Defendant pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (hereinafter referred to as "FMLA").

### II. PARTIES

3. Plaintiff Sean Piper is an individual who resides in Harris County, Texas and was employed by Defendant.

4. Defendant Integrated is a corporation with its principal place of business in Iowa which is authorized to do business in the state of Texas. Defendant can be served through its registered agent United Agent Group, Inc., 2595 N. Dallas Pkwy, Suite 350, Frisco, Texas 75034.

1

### III. JURISIDCTION & VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331 as this case is brought pursuant to Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.

6. Venue in this action is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV. FMLA COVERAGE

7. At all times relevant to the dispute, Defendant is a covered employer within the meaning of the FMLA. 29 U.S.C § 2611(4).

8. At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year within the meaning of the FMLA. 29 U.S.C § 2611(1), §2611(4)(A)(i).

9. At all times relevant to this dispute, Plaintiff was an eligible employee within the meaning of the FMLA. 29 U.S.C. § 2611(2).

### V. BACKGROUND FACTS

10. Piper was hired by Integrated in August 2024 as a Territory Sales Manager responsible for selling custom DNA for IDT.

11. When Piper was hired, the largest account in his territory had already stopped purchasing from IDT; this loss was thus beyond his control.

12. On June 9, 2025, Piper applied for paternity leave and filed the required paperwork, informing Integrated that his wife was pregnant and that he intended to take leave from September 29 through November 23, 2025.

13. Less than a month later, Piper was suddenly placed on a Performance Improvement Plan ("PIP") despite the fact that no such performance deficiencies had been communicated to him beforehand and that Integrated was aware that the largest account in Piper's territory had already been lost before he was hired.

14. Following the issuance of his PIP, Piper made every effort to carry out all of his responsibilities and improve his performance. His efforts were not met with cooperation or constructive feedback, providing him with no meaningful guidance toward improvement.

15. On September 19, 2025, Piper sent Integrated an update on his plans for paternity leave, informing that the baby's due date was September 22, 2025 and that he intended to take Paid Time Off ("PTO") on Tuesdays and Thursdays after the baby was born until October 10, 2025 and that he would take eight (8) weeks of paternity leave beginning on October 13, 2025.

16. Before he could take leave, Integrated intentionally interfered with his FMLA rights by wrongfully terminating his employment.

17. While Piper's PIP claimed that he displayed various performance deficiencies, in reality those supposed issues were not communicated with him until soon after he applied for paternity leave and he was never given adequate feedback or the opportunity to improve. Instead, right before he was scheduled to take leave, Piper was suddenly unceremoniously and retaliatory fired.

18. While Piper was employed by Integrated, he was a dedicated employee that worked hard to successfully perform his job despite being subjected to unacceptable retaliation. It is plainly

apparent from the facts and timeline that Piper was retaliated against for attempting to exercise his FMLA rights when he was terminated right before he was supposed to take leave and that the supposed performance deficiencies were pretext for that retaliation.

## VI.     CAUSE OF ACTION

19. Plaintiff incorporates the allegation in the preceding paragraphs.

20. Plaintiff was protected under the FMLA; he took protected leave attendant to the birth of his child and Defendant retaliated against him for taking protected FMLA leave by terminating his employment for a pretextual reason.

21. As a direct result of Defendant's actions, Plaintiff has suffered damages. Thus, by way of this lawsuit, Plaintiff seeks to recover his damages caused by Defendant, including (but not limited to) back pay, front pay, liquidated damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs relating to this lawsuit.

## VII.     JURY DEMAND

22. Plaintiff hereby demands a trial by jury.

## VIII.     PRAYER

23. Plaintiff respectfully requests that judgment be entered against Defendant, awarding Plaintiff the following:

   a) back pay;
   b) front pay;
   c) liquidated damages;
   d) compensatory damages;
   e) punitive damages;
   f) an order requiring Defendant to pay attorneys' fees and costs in this action; and
   g) an order granting other such relief as is proper and just.

5

        Respectfully Submitted,

        ***/s/ Gregg M. Rosenberg***
        Gregg M. Rosenberg
        USDC SD/TX No. 7325
        Texas State Bar ID 17268750
        ROSENBERG & ASSOCIATES
        3518 Travis Street, Suite 200
        Houston, Texas 77002
        (713) 960-8300
        (713) 621-6670 (Facsimile)
        Attorney-in-Charge for Plaintiff